866 F.2d 1415
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ALBRIGHT WHOLESALE COMPANY, INC., Plaintiff-Appellant,
v.
GAMBRINUS IMPORTING COMPANY, INC., Defendant-Appellee.
 No. 88-3858.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 8, 1988.
Decided: Jan. 27, 1989.
 
 Jerrold Allen Thrope (Dana A. Reed, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, on brief) for appellant.
 John Francis Simanski, Jr. (Allan P. Hillman, Robert B. Levin, Frank, Bernstein, Conaway & Goldman, Michael A. Moses, Siegel, Moses & Schoenstadt, on brief) for appellee.
 Before WILKINS, Circuit Judge, MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The Appellant, Albright Wholesale Company, Inc., appeals from the District Court's opinion and order denying the Appellant's request for specific performance of an alleged contract on the basis that the contract was unenforceable due to lack of mutual assent between the parties. Finding no error in the District Court's decision, we affirm.
 
 
 2
 On April 7, 1988, the Appellant, Albright Wholesale Company, Inc., sued Gambrinus Importing Company, Inc., alleging that the parties had entered into a contract in which Gambrinus awarded Albright the exclusive distribution rights for Corona Beer in the counties of Saint Mary's, Charles and Calvert in Southern Maryland. Albright claimed that Gambrinus breached the alleged contract by refusing to sell Corona Beer to Albright, by denying that there was ever a contract between the parties, by failing to comply with the Maryland Beer Act, Md.Ann.Code Art. 2B, Secs. 203 A-203G, and by subsequently entering into another exclusive distribution contract for the same territory with a competing distributor.
 
 
 3
 On April 29, 1988, the District Court, ruling from the bench, held that in accordance with the Restatement (Second) of Contracts, Sec. 20(1)(b) (1981), there was not a valid, binding contract between the parties as there had been no meeting of the minds. Based on this finding, final judgment was entered in favor of Gambrinus on all counts of the complaint.
 
 
 4
 Pursuant to the Restatement (Second) of Contracts Sec. 20(1)(b), there is no manifestation of mutual assent to an exchange if the parties attach materially different meanings to their manifestations and each party knows or each party has reason to know the meaning attached by the other. In Klein v. Weiss, 284 Md. 36, 63 (1978), the Court of Appeals of Maryland applied this rule in holding that the failure to agree on a material term of a contract may vitiate the mutual assent necessary to make a valid contract.
 
 
 5
 The evidence presented before the District Court clearly shows a series of negotiations which never reached the stage of a meeting of the minds. Although certain documents were signed, the parties attached different meanings to a material term of the contract, that being the right to sub-distribute.
 
 
 6
 The unequivocal language of the distributorship agreement supplied by Gambrinus, as well as the representations of its agents, clearly prohibited the use of sub-distributors in the marketing and sale of Corona Beer. Further, it is clear that Albright, though willing to enter into the distributorship contract, was unable to comply with the no-subdistributorship requirement. This failure to satisfy a material term of the distributorship agreement prevented the consummation of the contract between the parties.
 
 
 7
 Based on the authorities set forth above, as well as the reasoning of the district court in its memorandum and order, we find that the documents executed by the parties do not constitute a valid contract due to a lack of mutual assent or understanding.
 
 
 8
 The judgment of the district court is therefore affirmed.
 
 AFFIRMED